In the Matter of the Application of NATHAN DAVIS, Appellant, for an Order, Pursuant to Article 78 of the Civil Practice Act, to Compel the Performance of Certain Acts, against BOARD OF EDUCATION OF CITY OF NEW YORK and Others, Respondents.

First Department, February 27, 1942.

*Nathan Davis*, appellant, in person.

*Nicholas Bucci* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondents.

TOWNLEY, J. Petitioner moved for an order under article 78 of the Civil Practice Act, directing respondents to appoint him as a regular teacher of mathematics in junior high schools and grades 7-A to 8-B of the elementary schools. Petitioner was fifth on an eligible list for such position. The issue of fact raised by the answer of the board of education was tried at Trial Term.

It was there established by the stipulation of the corporation counsel and by the testimony that there were eleven vacant positions for teachers of mathematics in junior high schools and ten similar vacancies in grades 7-A to 8-B of the elementary schools, all of which had existed for six months or more and none of which had been filled by permanent appointment of teachers qualified to fill these positions.

The board of education claimed that these vacancies were not true vacancies but were mere " openings " which could be filled by transferring teachers under the authority of various by-laws. One of these is section 70, subdivision (2-a), of the by-laws of the board of education under which respondents claimed the right to assign regularly appointed teachers in excess to teach subjects not covered by their specific licenses up to forty-nine per cent of their programs. Another by-law is section 67, subdivision (41), under which teachers possessing license No. 1 are assigned to teach mathematics in grades 7-A to 9-B on their giving a salary waiver. The respondents also rely upon the regulation of the State Education Department to assign teachers for duties outside of their license for twenty per cent of their time. The argument is made that by these devices, and others unnecessary to enumerate, all " openings " are filled and it cannot, therefore, be said that there are any " vacancies."

It appeared in the testimony that a vacancy occurs when the principal certifies that a teacher in a particular subject is necessary. This situation cannot be changed by calling the need felt a mere opening. There is no authority in law for thus denominating a vacancy and thereby attempting to avoid the legal consequences of having a vacancy. In *Matter of Jaffe* v. *Board of Education* (265 N. Y. 160, 162) " vacancy " was defined as " it apparently refers to a teaching position for a class or classes created by the Board of Education to which no regular appointment has been made." This interpretation is fully supported by the testimony in this case. We conclude, therefore, that the above vacancies as a fact exist and have existed for more than six months.

A similar attempt to meet a greatly increased attendance in schools due to changing economic conditions was before the Court of Appeals in *Matter of Jaffe* v. *Board of Education* (*supra*). There, the extra teachers required were obtained by appointing as substitute teachers those on the eligible list, thus depriving them of tenure, pension and statutory salary. The court, while it found that the practice was open to grave abuses, refused at that time to interfere with the discretion of the board of education. Thereafter the Legislature with the obvious purpose of meeting the

situation created by this decision amended section 872 of the Education Law by adding a new subdivision, 1-a, which provides that " appointments shall be made from appropriate eligible lists to fill all existing vacancies not later than six months from the date of the existence of such vacancy."

After the passage of the amendment, a similar question was presented to the Court of Appeals in *Matter of Frankle* v. *Board of Education* (173 Misc. 1050; modfd. and affd., 259 App. Div. 1006; affd., 285 N. Y. 541). The court there held that compliance with the provisions of the statute was mandatory upon the board of education and that where vacancies had existed for six months or more appointments must be made.

The questions of policy raised by the board of education and the manner in which it will adjust itself to a contracting school attendance, rather than an expanding one, are proper subjects for appeal to the Legislature. They cannot be settled by the courts. Our duty is to enforce the policy of the Legislature as it is expressed in the statutes. Neither by-laws nor considerations of hardship upon the existing teaching force can be considered.

The order should be reversed, with fifty dollars costs and disbursements, and an order entered granting the relief prayed for in the petition, as limited by our decision in *Frankle* v. *Board of Education.*

MARTIN, P. J., O'MALLEY, GLENNON and UNTERMYER, JJ., concur.

Order unanimously reversed, with fifty dollars costs and disbursements, and an order directed to be entered granting the relief prayed for in the petition, as limited by our decision in *Frankle* v. *Board of Education* (173 Misc. 1050; modfd. and affd., 259 App. Div. 1006; affd., 285 N. Y. 541). Settle order on notice.